UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAN PIZARRO, | ) | 1:06-CV-01820 OWW NEW (DLB) HC |
| Petitioner, | ) | |
| v. | ) | ORDER TO ENTER JUDGMENT AND CLOSE CASE |
| DENNIS SMITH, | ) | |
| Respondent. | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On January 22, 2007, this Court granted the petition for writ of habeas corpus. Respondent was ordered to consider the appropriateness of transferring Petitioner to a Residential Re-entry Center ("RRC" or "CCC") in light of the factors set forth in 18 U.S.C. §§ 3621(b), not excluding any other factors deemed appropriate by the BOP, without reference to the BOP policy promulgated in December 2002 and without reference to the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21. Respondent was directed to make this determination within six months of the order.

On May 24, 2007, Respondent filed a verification of compliance and request for entry of judgment. Respondent has submitted a copy of the form "Institutional Referral for CCC Placement" which shows Petitioner was considered for transfer to an RRC. According to the form, it was determined on May 16, 2007, that Petitioner would spend between 150-180 days in an RRC.

On June 6, 2007, Petitioner filed an opposition to Respondent's notice. Petitioner complained an evaluation was not completed by Respondent in compliance with the Court's order, pointing to the language "too soon to evaluate."

On June 14, 2007, the undersigned issued an order directing Respondent to re-evaluate Petitioner because it appeared from the language that the evaluation had not been conducted in compliance with the Court's order. On July 3, 2007, Respondent filed a response to the Court's order clarifying the meaning of the language "too soon to evaluate." According to Respondent, Petitioner was in fact re-evaluated on May 16, 2007, and it was determined he would spend 150-180 days in an RRC placement accordingly. However, since Petitioner's anticipated release date is not until June 26, 2012, it is too soon at this point in determine the actual RRC Petitioner will be placed. Respondent has submitted the declaration of Judith Dreher, the case management coordinator for the Bureau of Prisons and the individual who placed the subject language on the verification of compliance. According to Dreher, a threat assessment is usually conducted 11 to 13 months prior to an inmate's projected release date. The threat assessment determines where an inmate will ultimately be placed. When Dreher conducted the Institutional Referral for CCC Placement for Petitioner, she did not perform the threat assessment because Petitioner's projected release date is five years away. Accordingly, she states she placed the language "too soon to evaluate" in the corresponding box. In light of this explanation, it is the Court's finding that Respondent has indeed conducted an evaluation of Petitioner for RRC placement in compliance with the Court's January 22, 2007, order granting the petition.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Clerk of Court ENTER judgment and close the case.

IT IS SO ORDERED.

**Dated:   July 12, 2007**                               /s/ Oliver W. Wanger
                                                                    UNITED STATES DISTRICT JUDGE